S

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

In re:  ) Chapter 7
) 
) No. 4:08-bk-03311-EWH
ENRICO LATONE, )
)
) 
Debtor. ) **MEMORANDUM DECISION**
)

## I. INTRODUCTION

The U.S. Trustee argues that the Debtor's case should be dismissed because he makes payments on outstanding 401(k) loans. However, such payments could not be used to fund a Chapter 13 plan and, therefore, no cause has been established which would justify the dismissal or conversion of the Debtor's Chapter 7 case.

## II. FACTS AND PROCEDURAL HISTORY

Debtor filed a Chapter 7 Petition on March 28, 2008. He filed a Form B22A on March 28, 2008, which indicates that his income is below the median income for a one-person household in Arizona. The Debtor owes primarily consumer debts. Therefore, under § 707(b)(1), his case may be dismissed if it is determined that it is abusive. See § 707(b)(1). Because the Debtor is a below median income debtor, there is no

presumption of abuse under § 707(b)(2)(A).[1] On July 1, 2008, the Office of the U.S. Trustee filed a motion seeking to dismiss Debtor's case under § 707(b)(3). The Debtor timely filed a response, and the matter is now ready for decision.

### III. ISSUES

Is the Debtor's case an abuse of the provisions of Chapter 7 because he is making payments on 401(k) loans and such payments are not deductible under the Chapter 7 version of the means test?

### IV. STATEMENT OF JURISDICTION

Jurisdiction is proper under 28 U.S.C. §§ 1334 and 157(b)(2)(A).

### V. DISCUSSION

The Trustee seeks to have the Debtor's case dismissed under the so-called "totality of the circumstances" test of § 707(b)(3). No statutory guidance is provided in § 707(b)(3)(B) as to the factors to consider in evaluating the totality of the circumstances, other than they are to be considered as they relate to the Debtor's "financial situation." Also, there is relatively little Ninth Circuit case law interpreting the phrase "totality of the circumstances" under BAPCPA.[2] Prior to BAPCPA, the Ninth Circuit looked to the "totality of the circumstances" to interpret the term "substantial abuse" in former § 707(b). See In re Price, 353 F.3d 1135, 1139-40 (9th Cir. 2004). Because Congress retained the phrase "totality of the circumstances" in BAPCPA, courts

---

[1] Unless otherwise indicated, all "Code," chapter and section references are to the Bankruptcy Code. 11 U.S.C. §§ 101 - 1330, prior to its amendment by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (Oct. 17, 2005).

[2] In 2005, Congress passed the Bankruptcy Abuse Prevention and Consumer Protection Act, Pub. L. 109-8.

2

have looked to pre-BAPCPA case law to construe the meaning of that phrase under § 707(b)(3). See In re Hare, 2007 WL 201249 (Bankr. E.D. Cal., 2007), In re Mitchell, 357 B.R. 142 (Bankr. C.D. Cal., 2006) and In re Ashraf, 367 B.R. 151 (Bankr. D. Ariz., 2007). The pre-BAPCPA factors considered by these courts include: (1) whether the debtor has a likelihood of sufficient future income to fund a Chapter 11, 12, or 13 plan which would pay a substantial portion of the unsecured claims; (2) whether the debtor's petition was filed as a consequence of illness, disability, unemployment, or some other calamity; (3) whether the schedules suggest the debtor obtained cash advancements and consumer goods on credit exceeding his or her ability to repay them; (4) whether the debtor's proposed family budget is excessive or extravagant; (5) whether the debtor's statement of income and expenses is misrepresentative of the debtor's financial condition; and (6) whether the debtor has engaged in eve-of-bankruptcy purchases. In re Price, 353 F.3d at 1139-40.

The only circumstance identified by the U.S. Trustee in her motion to dismiss is the Debtor's monthly deduction of $1,483 for repayment of various 401(k) loans. The U.S. Trustee asserts that such deductions are improper for a Chapter 7 debtor. The U.S. Trustee further argues that if the amount the Debtor is repaying on the 401(k) loans was added back into the Debtor's monthly income, he would have surplus income of $1,518 per month, which could be used to fund $91,080 over the life of a hypothetical Chapter 13 plan.

Courts are split on whether a debtor's ability to fund a hypothetical Chapter 13 plan remains part of the "totality of the circumstances" analysis where there is no presumption of abuse because the debtor has passed the means test. Contrast, In re Nockets, 357 B.R. 497, 506 (Bankr. E.D. Wis., 2006) (to apply the means test, dislike the result, and then examine the debtor's ability to fund a Chapter 13 plan under § 707(b)(3) renders the means test "surplusage") with In re Sullivan, 370 B.R. 314, 321

3

(Bankr. D. Mont., 2007) ([A] a debtor's ability to pay is still an important factor under § 707(b)(3), notwithstanding the means test).

Pre-BAPCPA, in the Ninth Circuit, ability to pay was a ground sufficient by itself to support dismissal for "substantial abuse." <u>In re Kelly</u>, 841 F.2d 908 (9th Cir. 1988). Even though BAPCPA lowers the statutory standard in § 707(b) to "abuse," several post-BAPCPA courts in the Ninth Circuit have held that the ability to pay will support dismissal. See <u>In re Maya</u>, 374 B.R.750, 754 (Bankr. S.D. Cal., 2007) (finding that debtors have at least $733.72 of monthly disposable income and that allowing debtors relief under Chapter 7 with that much monthly disposable income would constitute an abuse under the totality of circumstances of the debtors' financial situation) and <u>In re Hickman</u>, 2008 WL 2595182 (Bankr. W.D. Wash., 2008) (finding abuse when the debtor has the ability to pay creditors from future disposable income).

The issue need not, however, be reached in this case because the money the Debtor is paying on his 401(k) loans could not be used to fund a Chapter 13 plan. Section 1322(f) specifically excludes from the definition of disposable income money required to pay 401(k) loans. It is true that Form B22A, which is used in Chapter 7 cases to calculate the means test, does not include a line item permitting a deduction for repayment of 401(k) loans. However, Form B22C, which must be used in Chapter 13 cases does permit a deduction for such repayments at line 55. If the Debtor converted his case to a Chapter 13, the very amounts the U.S. Trustee argues could be used to fund the hypothetical Chapter 13 plan, would be excluded from a disposable income calculation and could not be used to fund the Chapter 13 plan.

In a case similar to this one, the court noted that to grant the U.S. Trustee's motion to dismiss would lead to an absurd result:

> [T]he debtor could refile its case under Chapter 13 and unsecured creditors would be paid nothing based upon the provisions of Sections 1322(f) and 1325 and the deference accorded by Congress to 401(k) contributions and

4

loan repayments. Alternatively, if the court were to convert the case to a Chapter 13 "with the debtor's consent," the same result would obtain.

In re Skvorecz, 369 B.R. 638 at 644 (D. Colo. 2007). Assuming that ability to pay is still relevant to the "totality of the circumstances" test, that ability must be real. In this case, the "excess" money that the Debtor has could not be used to fund a Chapter 13 plan. Therefore, the Debtor's filing of a Chapter 7 case is not an abuse of Chapter 7.

## VI. CONCLUSION

The U.S. Trustee has not demonstrated that the Debtor has the ability to fund a Chapter 13 plan and, therefore, the request to dismiss the Debtor's case is DENIED. A separate order consistent with this decision will be entered this date.

DATED: October 23, 2008

*/s/ Eileen W. Hollowell*

Eileen W. Hollowell
U.S. Bankruptcy Judge

Notice to be sent through the
Bankruptcy Noticing Center
("BNC") to the following:

Clint W. Smith
Clint W. Smith, P.C.
4445 E. Holmes Ave. #105
Mesa, AZ 85206

Enrico Latone
2702 W. William Lane
Queen Creek, AZ 85242

Gayle Eskay Mills
P.O. Box 36317
Tucson, AZ 85740

Ilene J. Lashinsky
Jonathan E. Hess
Office of the U.S. Trustee
230 North First Avenue, Suite 204
Phoenix, AZ 85003-1607

5